# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MUNIS SAIDMURODOV,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-1386** |
| **v.** | : | |
| | : | |
| **JAMAL L. JAMISON,** *Warden of* | : | |
| ***Philadelphia Federal Detention Center,*** | : | |
| ***et al.,*** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 9th day of March 2026, upon consideration of Petitioner Munis Saidmurodov's, ("Mr. Saidmurodov" or "Petitioner"), *emergency petition for writ of habeas corpus*, (the "Petition"), (ECF 1), and Respondents' (the "Government"),[1] answer in opposition, (ECF 4), and the parties' stipulation to waive oral argument and for the Court to decide this on the submissions filed, (ECF 5), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition is **GRANTED**,[2] as follows:

---

[1]    Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: Jamal L. Jamison, Warden of the Federal Detention Center in Philadelphia, Pennsylvania, (the "FDC"); and John Rife, the Acting Director of the Enforcement and Removal Operations Division of the Philadelphia Field Office for the United States Immigration and Customs Enforcement's, ("ICE").  (ECF 1).

[2]    On December 26, 2022, Mr. Saidmurodov, a citizen of Uzbekistan, entered into the United States at the United States-Mexico border at or near Calexico, California.  (ECF 1 at ¶ 2); (ECF 1-4, Notice to Appear); (ECF 5 at p. 4).  On December 29, 2022, the Department of Homeland Security, ("DHS"), released Petitioner into the country on an Order of Release on Recognizance.  (*Id.* at ¶ 2); (ECF 1-3).  Since DHS released Petitioner, he has lived with his wife, who is currently pregnant and also in the process of seeking asylum, and two children both born in the United States.  (*Id.* at ¶¶ 3-4).

On March 2, 2026, while leaving his home for work, Petitioner was arrested and taken into custody by ICE agents.  (*Id.* at ¶ 5). The Government makes no claim that, during his time in the United States, Petitioner committed a crime or failed in any way to comply with instructions from ICE or DHS.  (*See generally* ECF 4).  Upon his arrest, Petitioner was detained at the FDC, (ECF 1 at ¶ 11), which is where he filed his Petition, (ECF 4 at p. 4).

By way of the underlying *habeas* Petition, Petitioner seeks immediate release from detention.  (ECF 1 at ¶¶ 43-47).  Petitioner argues that relief is warranted because his detention violates the INA, 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1, 1003.19; and the Due Process Clause of the Fifth Amendment to the

United States Constitution. (*Id.* at ¶¶ 48-58). Petitioner further argues that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA because, as a noncitizen permitted to reside in Untied States and report to DHS upon his own recognizance, he is not subject to that mandatory detention provision of § 1225(b)(2). Rather, DHS's authority to detain him, if any, arises under 8 U.S.C. § 1226(a). Thus, his detention under § 1225(b)(2) and without the opportunity of a bond hearing before an immigration judge runs afoul of 8 U.S.C. § 1226(a).

In its response, the Government reiterates an argument the Government knows this Court and others in this District and throughout the country have addressed and rejected. Specifically, the Government argues that Petitioner's detention is pursuant to 8 U.S.C. § 1225(b)(2), the detention is lawful pursuant to the Board of Immigration Appeals', ("BIA"), decision in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), (ECF 4 at pp. 4-8); and as such, its detention of Petitioner does not violate the INA or Petitioner's constitutional rights, (*id.* at pp. 8-9). The Government's position rests, ultimately, on its statutory interpretation of the INA – *i.e.*, reading the statute to allow for Petitioner's detention under Section 1225(b)(2) because a  noncitizen in Petitioner's position is an "applicant for admission" who is "seeking admission" indefinitely upon arrival in the United States until a final removal or legal status determination is made. (*Id.* at pp. 4-8). The Government's argument continues to be unpersuasive. *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).

Consistent with this Court's many rulings, this Court finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). The Court also finds that DHS' present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and that his continued detention without such a hearing violates the INA.

Petitioner further argues that his detention violates his constitutional due process rights because it was imposed without notice, a hearing, and/or any individualized determination. The Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration. (ECF 4 at pp. 8-9) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) for the proposition that detention less than six months is presumed constitutional).

As to the component of procedural due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his procedural due process.

In light of his statutory and due process violations, Petitioner seeks his immediate release from custody. (ECF 1). Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. (*See generally* ECF 4). A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the laws and the Constitution of the United States, he is to be ***immediately*** transferred from the Moshannon Valley Processing Center to the Federal Detention Center, ("FDC"), in Philadelphia, Pennsylvania and, upon his arrival, immediately released therefrom;[3]

3. The Government is further directed to return to Mr. Saidmurodov any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on March 2, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on March 10, 2026.

The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.

[3] By Order dated March 4, 2026, this Court instructed, *inter alia*, that Respondents not move or remove Petitioner outside of the City of Philadelphia of the FDC during the pendency of this matter. (ECF 2). However, this Court takes judicial notice that ICE's Online Detainee Locator System shows that Petitioner is currently at the Moshannon Valley Process Center, which is outside the Eastern District of Pennsylvania. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) ("It is appropriate to take judicial notice of . . . information . . . made publicly available by government entities[.]" (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). As such, the Government either chose to move Petitioner within a three-hour window between him filing his Petition and this Court issuing its Order, or they violated this Court's Order. Either way, the Government is ordered to transfer Petitioner back to the FDC with the same expediency with which it transferred him to the Moshannon Valley Processing Center.